## George Zwicky, Appellee, v. Harry P. Morris, Appellant.

1. LANDLORD AND TENANT—*what does not release from obligations of lease.* *Held,* that the arrangement in evidence in this case did not operate to release one of the lessees of the obligation of payment provided by the lease.

2. LANDLORD AND TENANT—*what does not release from obligations of lease.* *Held,* that the evidence in this case did not show a release of one of the lessees from the obligation to pay rent provided by the lease.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

JOHN G. FRIEDMEYER, for appellant.

EDWARD D. HENRY and S. A. WIGHT, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

George Zwicky brought suit in the Circuit Court of Sangamon county against Harry P. Morris, Richard M. Sullivan and S. R. Frankel to recover from them an amount alleged to be due to him (Zwicky) by the terms of a lease. Upon an issue joined as to whether Morris was liable upon the lease the court peremptorily directed a verdict in Zwicky's favor in the sum of $300.31 upon which judgment was thereafter rendered and this appeal followed.

The evidence adduced upon the trial showed that appellee on May 1, 1905, executed a lease under seal to appellant, Richard M. Sullivan and S. R. Frankel for certain property in Springfield, together with machinery and fixtures thereon from that date to May 1, 1915, at a yearly rental of $1,200, payable six months in advance, $600 May 1 and $600 on November 1, of each year and as an additional rent the lessees were to

pay all taxes and special assessments levied or assessed against said property during the term of the lease, and were to keep the property leased, insured in the sum of $4,000 and were to pay water rents and maintain ordinary repairs on the buildings.

Zwicky, in the lease, gave to the lessees the option to buy said premises at any time within ten years from May 1, 1905; the terms of which option need not be stated in this opinion.

Under said lease, the lessees went into possession of the premises on May 1, 1905, and paid $600 rent then due by the terms of the lease. Default was afterward made in the payments provided for in the lease and appellee brought this suit, claiming the balance, to-wit: $300.31, to be due under the lease for rent, taxes, etc., and unpaid.

Appellant makes two contentions, which we deem it important to notice: first, that appellee, after the making of the lease involved, entered into an independent contract with Sullivan for a different rental of said premises and thereby released Morris from all liability under the lease; second, that appellee executed a written release on January 9, 1907, by force of which Morris was released from all obligations under said lease.

It seems from the evidence that about November 1, 1905, Sullivan said to appellee that he could only pay rent monthly, i.e., $100 per month, to which appellee consented, after which time Sullivan paid the rent to appellee monthly up to January 2, 1907. This payment of rent after November 1, 1905, was made by Sullivan for all three lessees and was the act, not of Sullivan alone, but of all the lessees. Morris, in his testimony, says: "Sullivan paid the rent for the three of us, as Frankel was in Chicago." This arrangement did not constitute an independent contract with Sullivan so as to release Morris from his written lease as claimed by appellant. At most it amounted to a mere assent upon the part of appellee to accept his rent from lessees monthly instead of in advance, as pro-

vided for by the terms of the lease. Nor would the fact that Morris had dropped out of the business prior to November 1, 1905, in any way tend to release him from his obligation or establish a new and independent relation between appellee and Sullivan, as the lease involved was under seal and was in no legal manner annulled or abrogated.

The contention that Morris was discharged from liability by force of the release dated January 9, 1907, is also without merit. The release upon its face provides that "it shall not take effect until signed by George Zwicky, Richard M. Sullivan, H. P. Morris and S. R. Frankel." This release H. P. Morris not only did not sign but he refused to sign it.

There was a clear legal liability resting upon Morris to pay the amount claimed by appellee and the trial court rightfully directed a verdict.

The judgment is affirmed.

*Affirmed.*